## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) KEN B. PRIVETT, PLC, an Oklahoma ) 
professional limited liability company, ) 
     Plaintiff, ) 
     ) 
v. )    Case No.  20-cv-00069-CVE-FHM 
     ) 
(2) BERKLEY VACATION RESORTS, ) 
INC., a Florida corporation, ) 
and ) 
(3) LANDO RESORTS CORPORATION, ) 
a Florida corporation, ) 
     )    DEMAND FOR JURY TRIAL 
     Defendants.    )    ATTORNEY'S LIEN CLAIMED

### PETITION FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Ken B. Privett, PLC, an Oklahoma Professional Limited

Liability Company, by and through its attorney, Gregory Meier of Meier and Associates, filing

this *Petition for Declaratory Judgment*[1], pursuant to the Federal Rules of Civil Procedure Rule

57, Federal Rules of Civil Procedure Rule 65[2], and 28 U.S.C. §§ 2201-02, and would show the

Court the following:

### NATURE OF ACTION

This is an action for relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201,

Fed. R. Civ. P. 57, Fed. R. Civ. P. 65 requesting the adjudication of (1) Defendants' claims of

Plaintiff's tortious interference of contract against the individuals, whose accounts are listed on

the Master List, included as Exhibit 1, (2) a Temporary Restraining Order and Injunction against

the Defendants to the current Florida state proceedings against the Plaintiff under the

Defendants' claim of tortious interference of contract by Plaintiff, and (3) adjudication that

---

[1] *See Sampson v. Murrary*, 415 U.S. 61, 88 (1974).

[2] Fed. R. Civ. P. 65 allows this Court to grant temporary injunctive relieve and temporary restraining orders when facts contained within the petition show immediate and irreparable injury, loss, or damage resulting to the movant.

Plaintiff's conduct as an attorney representing the interests of the individuals listed on the Master List was neither malicious nor dishonest.

## PARTIES

1. Plaintiff is an Oklahoma Professional Limited Liability Company doing business in Pawnee County, Oklahoma.

2. Defendants are Florida Corporations and doing business within the boundaries of Florida state borders.

## JURISDICTION AND VENUE

3. The subject matter in controversy is within the jurisdictional limits of this Court.

4. This Court has jurisdiction over the parties based on diversity of citizenship.

5. Venue is proper because Plaintiff's principal place of business is within Pawnee County, Oklahoma which is within the jurisdiction of this Court.

6. The aggregate of all claims is over the jurisdictional amount of $75,000.

## STATEMENT OF THE FACTS

7. On December 19, 2019, Defendants filed three (3) separate Complaints against Plaintiff in the county court of Broward County, Florida. In these lawsuits, Defendants allege Plaintiff tortiously interfered with existing contracts between Defendants and (a) June M. Dickson and Paula E Archibald, (b) Tina M Cabrera and Ronald J. Cabrera, and (c) Tommy G. Brown and Glenda Peacock Brown (hereinafter "clients," "Timeshare Purchasers," or "Individuals"). In these three (3) Complaints, Defendants asserted as a basis for their allegations a demand letter authored by Plaintiff on behalf of his clients and sent to the Defendants. A copy of a representative sample of said demand letter is attached marked as Exhibit 1.

8. On January 21, 2020, Plaintiff received at its office in Pawnee County, Oklahoma an email from Mr. Ron Charlot-Aviles, attorney, on behalf of Defendant Berkley Vacation Resort and Lando Resorts Corporation demanding a monetary settlement payment from Plaintiff and information in exchange for assurance that Defendants would not sue Plaintiff for further causes of action.

9. Contained within Mr. Ronald Charlot-Aviles email was a master client list of accounts. (hereinafter "Master Client list")(See attached Exhibit 2). Defendants made clear they would file separate, individual lawsuits against Plaintiff under a cause of action of tortious interference of existing contract with those listed on the Master Client list should Plaintiff refuse to pay to Defendants a monetary settlement, and turn over the information Defendants sought.

## ARGUMENT AND AUTHORITIES

10. Federal Rules of Civil Procedure Rule 57 governs Declaratory Judgment actions. [3] "*In a case of actual controversy* within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, *may declare* the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (emphasis added).

11. Federal Rules of Civil Procedure Rule 65 governs Temporary Restraining Orders and Temporary Injunction. Plaintiff will suffer "immediate and irreparable injury, loss, [and] damage" resulting if Plaintiff is required to defend multiple Florida state court cases

---

[3] "In a case of actual controversy within its jurisdiction ... as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

wherein Plaintiff's sole contact with Florida is an attorney demand letter. Plaintiff will be subjected to unnecessary cost of multiple legal defenses.

12.  Plaintiff, as alleged above, has been sued in three (3) separate Florida cases for tortious interference with existing contract. Defendants have also threatened to continue to file 105 other cases against Plaintiff for the same cause of action – tortious interference with existing contract.

13. Declaratory judgment may be sought in this case because cases of actual controversy exist.

## COUNT 1

## ACTION FOR A DECLARATORY JUDGMENT AGAINST DEFENDANTS AS TO THOSE CLIENTS LISTED ON DEFENDANT'S MASTER ACCOUNT LIST

14. Plaintiff restates and realleges the allegations in Paragraphs 1 through 13.

15. Upon information and belief, the Defendants' claims of tortious interference with existing contract is invalid as against Plaintiff.

16. To establish tortious interference with contract, the Defendants must prove (1) the interference was with an existing contractual or business right, (2) such interference was malicious and wrongful, (3) the interference was neither justified, privileged, nor excusable, and (4) the interference proximately caused damage.[4]

17. Plaintiff, on behalf of the Timeshare Purchasers, sent an exit letter such as Exhibit 1 to Defendants initiating its representation of the Timeshare Purchasers to the Defendants.

18. This letter was not sent by Plaintiff with the intention to procure a breach of contract between the Timeshare Purchasers on the Master List and the Defendants. The action of

---

[4] Restatement (Second) of Torts (1977); *Wilspec Techs., Inc. v. Dunan Holding Group Co., Ltd.*, 204 P.3d 69, 74; *see Voiles v Santa Fe Minerals, Inc.*, 911 P.2d 1205, 1209; *see Mac Adjustment, Inc. v Property Loss Research Bureau*, 595 P.2d 427, 428.

sending the exit letter on behalf of the Timeshare Holders was neither malicious nor wrongful. Plaintiff merely acted in a representative capacity as an attorney in his due course of legal representation.

19. By Plaintiff sending this exit letter on behalf of the Timeshare Purchasers, there is no evidence to support an absence of justification or malicious conduct which is required to prove tortious inference with contract.

20. Plaintiff is entitled to judgment declaring it did not tortiously inference with individuals' existing contracts which are contained on the Master List.

21. Plaintiff is entitled to judgment declaring its conduct in representing the Timeshare Purchasers on the Master List was neither malicious nor dishonest.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, that Plaintiff did not tortiously inference with individuals' existing contracts which are contained on the Master List, that the claim of tortious interference with existing contract be found invalid and unenforceable against the Plaintiff, and that the Court find Plaintiff's conduct in contacting the Defendants was neither malicious nor dishonest.

## COUNT 2

### ACTION FOR TEMPORARY RESTRAINING ORDER AND INJUCTIVE RELIEF AGAINST DEFENDANTS' AS TO THEIR CURRENT FLORIDA STATE CASES PENDING AGAINST PLAINTIFF

22. Plaintiff realleges and realleges the allegations contained in paragraphs 1 through 21.

23. Plaintiff is entitled to a Temporary Restraining Order and Injunction as to all the current Broward County, Florida state proceedings against the Plaintiff in cases COCE-19-029045(50), COCE-19-029314(50), and COCE-19-029054(53), and any other similar

pending cases, until this Court resolves the issue of tortious interference of contract between Plaintiff and Defendants arising from Plaintiff's legal representation of Individuals on the Master Client list actually exists.

24. The Defendants' claims against Plaintiff in cases COCE-19-029045(50), COCE-19-029314(50), and COCE-19-029054(53), are all individuals contained within the Master List itself. (Exhibit 2).

25. Until this Court resolves the issue of tortious interference of contract in Count 1, Plaintiff is entitled to a Temporary Restraining Order and Temporary Injunction to the current Florida state cases which Defendants have brought.

26. If Plaintiff is required to defend multiple Florida state court cases wherein Plaintiff's sole contact with Florida is an attorney demand letter, Plaintiff will be subjected to unnecessary cost of legal defense.

27. Plaintiff will suffer irreparable harm if a Temporary Restraining Order and Temporary Injunction are not issued halting all Florida state court proceedings by Defendants against the Plaintiff.

28. Plaintiff is entitled to a Temporary Restraining Order and Temporary Injunction against the Defendants' Florida state proceedings.

WHEREFORE, Plaintiff prays for a Temporary Restraining Order and Temporary Injunction against all Defendants' pending Florida state proceedings as set out above until this Court determines the issue of Plaintiff's tortious interference of contract with Defendants.

## RESERVATION OF RIGHTS

Plaintiff expressly reserves his right, pursuant to Fed. R. Civ. P. 15, to supplement or amend his claims at such time the need arises, including without limitation his defenses to any

6

claims of infringement which may hereafter be made by Defendants as to Count 1 or Count 2, contrary to Plaintiff's allegations herein, any of said claims are finally adjudged to be valid and enforceable.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, (1) that Plaintiff did not tortiously interfere with Individuals' existing contracts which are contained on the Master List, and the claim of tortious interference with existing contract be found invalid and unenforceable against the Plaintiff, (2) that Plaintiff's conduct in contacting Defendants on behalf of clients on the Master Client list was neither malicious nor dishonest, and (3) a Temporary Restraining Order and Temporary Injunction against the Defendants' pending Florida state proceedings against Plaintiff until this Court resolves the issue of tortious interference of contract by Plaintiff against the Defendants.

Respectfully Submitted,

*/s/ Gregory G. Meier*
Gregory G. Meier, OBA #6122
MEIER & ASSOCIATES
1524 S. Denver Ave.
Tulsa, OK 74119-3829
Tel: (918) 584-1212
Fax: (918) 584-1295
*Attorney for Plaintiff*

STATE OF OKLAHOMA )
                                       )      ss.
COUNTY OF Tulsa              )

      Ken B. Privett, Manager of Ken B. Privett, PLC, of lawful age, being first duly sworn upon oath, states that I am the Manager of Plaintiff in the above-captioned matter; that I have read the above and foregoing document and know the contents thereof; and that the statements and matters contained therein are true and correct to the best of my knowledge and belief.


KEN B. PRIVETT, Manager


Subscribed and sworn to before me this _18th_ day of _February_, 2020.

JENNIFER LYNN JONES DONOHUE
Notary Public, State of Oklahoma
Commission # 16011799
My Commission Expires 12-22-2020

# _16011799_

NOTARY PUBLIC, Commission

My commission expires:

_12-22-2020_

8